UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ROBERT DREW, )
 )
    Petitioner, ) No. 6:19-CV-028-REW
 )
v. )
 )
GREGORY KIZZIAH, Warden, ) OPINION AND ORDER
 )
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Robert Drew, an inmate at USP McCreary in Pine Knot, Kentucky, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. DE #1; DE #6 (Memorandum in Support). Warden Kizziah responded (DE #11), and Drew replied (DE #14). This matter is ripe for decision. For the reasons discussed, the Court denies Drew's petition.

**I.**

In 2014, a jury convicted Drew of two counts of attempted robbery, in violation of 18 U.S.C. § 1951; two counts of brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court found that Drew was subject to an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because he had at least three qualifying prior violent felony or serious drug offense convictions. The court ultimately sentenced Drew to 564 months' incarceration. *See United States v. Robert Drew*, No. 2:13-cr-20067-JTF-1 (W.D. Tenn. 2014).

On direct appeal, Drew argued that the district court erred in failing to suppress certain evidence, that insufficient proof supported one of his attempted robbery convictions, and that the ACCA enhancement was improper. The Sixth Circuit rejected Drew's arguments and affirmed the

district court's judgment. *See United States v. Robert Drew*, 610 F. App'x 559 (6th Cir. May 21, 2015). Drew then unsuccessfully sought relief via 28 U.S.C. § 2255. *See Robert Drew v. United States*, No. 2:16-cv-2345-JTF (W.D. Tenn. 2016).

Now, via § 2241 and his January 2019 petition, Drew again challenges the validity of his sentence. He argues that, as a factual matter, he did not actually commit the crimes that the district court found to be ACCA predicates. *See* DE #1 at 6 ("I am being accused of five prior convictions of Robbery with a deadly weapon of 1982, which the government used to make me a ("ACCA") which I has never been indicted or convicted for because in July of 1981 I got lock up, and did not got release to Sept, 1986."). Drew thus, denying adequate predicates, seeks resentencing without the ACCA enhancement. *Id.*

## II.

Federal prisoners generally may not use § 2241 to collaterally attack their sentences, as Drew here seeks to do. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is the proper vehicle for collaterally asserting perceived detention illegality; § 2241, rather, is reserved "for claims challenging the execution or manner in which the sentence is served[,]" such as those involving sentence credit computation issues. *Id.* A § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The narrow exception to this rule is found in § 2255(e), known as the "savings clause."[1] The savings clause permits a petitioner to seek a writ of habeas corpus under § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the

---

[1] The Court recently noted interchangeability of the phrases "savings clause" and "saving clause." *See Meeks v. Kizziah*, 7:18-cv-80-REW, DE #17 at 3 n.5. The Court here, as there, uses the former (more common) version.

2

prisoner's] detention." § 2255(e); *see Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). Critically, a § 2255 motion is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or a previous § 2255 motion failed. *See Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). In other words, § 2241 does not provide prisoners another "bite at the apple." *Hernandez*, 16 F. App'x at 360. "It is the petitioner's burden to establish that his remedy under Section 2255 is inadequate or ineffective." *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003) (citation and footnote omitted).

In this Circuit, "[w]hen seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show[,]" among other things, "a case of statutory interpretation . . . that is retroactive and could not have been invoked in the initial § 2255 motion[.]" *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016); *accord id.* at 600 (requiring "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019) (clarifying that "in this circuit, a federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective . . . [T]he prisoner must also show that binding adverse precedent (or some greater obstacle) left him with no reasonable opportunity to make his argument earlier, either when he" appealed his conviction or initially sought § 2255 relief) (emphases, quotation marks, and citations omitted).

Though Drew conclusorily contends that *Hill* allows him to bring his sentencing error claim via § 2241, *see* DE #1 at 4, his argument for relief is not based on a retroactively applicable case

3

of statutory interpretation (or any other legal authority), as *Hill* requires.[2] Nor does Drew argue that binding adverse precedent—or any greater obstacle—prevented him from earlier making the factual argument that he did not actually commit the at-issue predicate offenses. Drew needed no then-unavailable legal authority—he needed no legal authority at all—to argue, at the time of sentencing (or on appeal, or in the initial § 2255 petition) that he did not actually commit the ACCA predicate crimes. Indeed, he does not allege that anything precluded him from raising this claim at those times. Drew "had several opportunities" to assert this claim, "free of any procedural impediments or hostile precedents." *Wright*, 939 F.3d at 706. "That he failed to seize them does not mean that § 2255 was 'inadequate or ineffective' to test his sentence." *Id.* Drew's petition thus falls outside the limited savings clause ambit, and he cannot properly raise the arguments in a petition under § 2241.[3]

---

[2] Drew briefly mentions *Johnson v. United States*, 130 S. Ct. 1265 (2010), in the context of seeking § 2255 relief, but he does not actually base his current § 2241 claim on that case. *See* DE #1 at 2, 4; *accord* DE #6 at 3–4. Indeed, he could not properly do so, as the sentencing court already rejected that argument on initial § 2255 review, and, as explained, Drew has not here shown that § 2255 is or was an ineffective or inadequate remedy. *See Robert Drew v. United States*, No. 2:16-cv-2345-JTF (W.D. Tenn. 2016), at ECF No. 23 (styled, in part, as an "Order Denying Relief Under *Johnson v. United States*"); *see Copeland*, 36 F. App'x at 795.

[3] Because, as a threshold matter, Drew cannot proceed with this claim via § 2241, the Court need not (and cannot) consider the petition's underlying substantive arguments attacking Drew's ACCA predicates. Still, a few important notes. Drew claims that his incarceration from July 1981 forward precludes his mid-detention convictions in 1982. However, as the DE #11-attached state court documents readily indicate, the date of crime commission is not the same as the date of corresponding conviction. That Drew may have been detained when convicted of the predicate offenses says nothing about Drew's release status, and thus his criminal opportunity, on the date the actual offense conduct occured. Further, challenging whether a predicate offense legally qualifies differs from claiming actual innocence as to that predicate; the latter, generally, is not a proper federal habeas claim. *See Daniels v. United States*, 121 S. Ct. 1578, 1583 (2001) ("If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse."); *Mitchell v. Quintana*, No. 18-5885, 2019 WL 4017733, at *1 (6th Cir. Mar. 15, 2019) ("Finally, Mitchell cannot challenge the validity of a prior conviction in a habeas proceeding to undermine the enhancement of his current sentence."). For several cascading reasons, Drew gets no relief from this Court under the federal writ.

### III.

Accordingly, the Court **DENIES** Drew's § 2241 petition (DE #1) and **STRIKES** this matter from the active docket. The Court contemporaneously enters a corresponding Judgment.

This the 25th day of November, 2019.

Signed By:
*Robert E. Wier* REW
United States District Judge